UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:16-cv-00768-MOC-DSC

| | |
|---|---|
| **DANIEL JACOBS,** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**DAVID K. STEIN,** )<br>)<br>Defendant. ) | ORDER |

**THIS MATTER** is before the court on defendant's Motion to Dismiss for Lack of Personal Jurisdiction (#7). Having considered the Motion and reviewed the pleadings, the court enters the following Order.

**FINDINGS AND CONCLUSIONS**

**I.    Background**

Plaintiff alleged that defendant owes him money and has submitted an Amended Complaint with two counts. Plaintiff, a North Carolina resident, contends that defendant committed fraud and intentionally interfered with contractual relations. Pl. Amended Complaint (#6) at 6-7. Defendant contends that the allegations are "meritless" and should be dismissed without even reaching the merits as the defendant is not subject to personal jurisdiction in North Carolina. Def. Br. (#8) at 1.

The question before the court is whether the defendant has sufficient contact with the state as to allow the court to exercise personal jurisdiction over him. Defendant Stein was an officer in an Ohio company, Residential Finance Company ("RFC"). Pl. Amended Complaint (#6) at ¶ 3. It

is undisputed that defendant traveled to North Carolina on at least two trips on behalf of RFC. Def. Br. (#8) at 2.

## II.     Applicable Standard

Rule 12(b)(2), Federal Rules of Civil Procedure, provides for dismissal where the court lacks personal jurisdiction over a particular named defendant. In the Fourth Circuit, the standard for deciding a motion based on Rule 12(b)(2) was set forth in Combs v. Bakker, 886 F.2d 673, 676 (4th Cir. 1989), where it explained that a plaintiff has the burden to prove personal jurisdiction by a preponderance of the evidence.

When a factual dispute arises as to whether or not jurisdiction exists, the court may either conduct an evidentiary hearing or defer ruling on the matter until it receives evidence on the jurisdictional issue at trial. Id. When a court decides the issue on the record then before it, the court may consider "the motion papers, supporting legal memoranda, affidavits, other documents, and the relevant allegations of the complaint," and the burden is plaintiffs' "to make a mere *prima facie* showing of jurisdiction to survive the jurisdictional challenge." Clark v. Milam, 830 F.Supp. 316, 319 (S.D.W.Va.1993) (citations omitted). A court must resolve factual disputes in favor of the party asserting jurisdiction for the limited purpose of the *prima facie* showing. Bakker, at 676. Such resolution must include construing all relevant pleadings in a light most favorable to the plaintiff, assume the credibility of any affiant, and must draw the most favorable inferences for the existence of jurisdiction. Id.; see also Thomas v. Centennial Commc'ns Corp., 2006 WL 6151153, at *2 (W.D.N.C. Dec. 20, 2006).

Plaintiffs must show that the exercise of personal jurisdiction over a defendant complies with the forum state's long-arm statute and the constitutional requirements of due process. Grober

v. Mako Products, Inc., 686 F.3d 1335, 1345 (Fed. Cir. 2012), reh'g denied (Sept. 14, 2012). Since North Carolina's long-arm statute extends jurisdiction to the outer limits of due process, the jurisdictional analysis merges into a single due process inquiry. Thomas, 2006 WL 6151153, at *2.

### A. General Jurisdiction

To be consistent with the limitations of due process, a defendant must have "minimum contacts" with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). Minimum contacts may be established by showing "general" or "specific" jurisdiction. Helicopteres Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 414 (1984). A court may exercise general jurisdiction over a non-resident defendant if the defendant has contacts with the State that are so "continuous and systematic" as to render them "essentially at home in the forum State." Goodyear Dunlop Tires Operations, S.A. v. Brown, 131 S. Ct. 2846, 2851 (2011). The court cannot find allegations sufficient to establish general jurisdiction over this defendant.

### B. Specific Jurisdiction

In the absence of general jurisdiction, a court may exercise specific jurisdiction over the defendant where the cause of action arises out of defendant's activities in the forum state. In analyzing specific jurisdiction over a defendant, courts consider whether: "(1) the defendant purposefully directed its activities at residents of the forum state, (2) the claim arises out of or relates to the defendant's activities with the forum state, and (3) assertion of personal jurisdiction is reasonable and fair." Grober v. Mako Products, Inc., 686 F.3d 1335, 1346 (Fed. Cir. 2012) (citation omitted). Plaintiff has the burden of making a prima facie showing of specific jurisdiction

by satisfying the first two elements. The burden then shifts to defendant to show that such assertion of personal jurisdiction is not reasonable and fair. Id.

As noted above, the plaintiff bears the burden for showing why specific jurisdiction is applicable in this case. To support his jurisdictional argument, plaintiff cites to the Supreme Court's 2014 decision in Walden v. Fiore, ___ U.S. ___, 134 S.Ct. 115 (2014). In Walden, the Court noted that "a defendant's relationship with a plaintiff or third party, standing alone, is an insufficient basis for jurisdiction." 134 S. Ct. at 1123. The Walden Court found that a "forum state's exercise of jurisdiction over an out-of-state intentional tortfeasor must be based on intentional conduct by the defendant that creates the necessary contacts with the forum." Id. For relevance to the jurisdictional analysis, courts inquire whether a "defendant's conduct connects him to the forum in a meaningful way" and "an injury resulting from allegedly tortious conduct is jurisdictionally relevant only insofar as it shows that the defendant has formed a contact with the forum state." Id. at 1119.

In the Complaint, plaintiff asserts intentional torts and alleges that defendant submitted false affidavits to courts in North Carolina. His jurisdictional claim is predicated on the "effects" of the intentional torts being not just aimed at him, but being felt in the forum state of North Carolina. Pl. Resp. (#9) at 6. In particular, plaintiff argues that defendant Stein's actions were "directed to the forum state in a specific jurisdictional manner and were intended to prevent Plaintiff Jacobs from obtaining the amounts due under the Employment Agreement and Supplement." Id. at 7.

In the wake of the Walden decision, this district saw a remarkably similar case, Bank of America v. Corporex Companies, LLC. In that case, it was argued that specific jurisdiction existed

"due to the fact that the effects of Defendants' tortious conduct were felt in North Carolina because that is where the headquarters" was located. Bank of Am., N.A. v. Corporex Companies, LLC, No. 3:13-CV-691-RJC, 2014 WL 3731778, at *2 (W.D.N.C. July 28, 2014). This court's colleague rejected that jurisdictional argument and reasoned that "[d]ue process requires sufficient minimum contacts between a defendant and a forum state, not merely between a defendant and a plaintiff." Id. at *5. The court found that the fact that an injury from an intentional tort was felt in a given state was "significant," but "not immediately dispositive." Id. at *4.

The court adopts the reasoning of its colleague in Bank of America as to the plaintiff's argument regarding the general "effects" of an alleged intentional tort. While so doing, the court also acknowledges an obligation to resolve factual disputes in favor of the party asserting jurisdiction for the limited purpose of the *prima facie* showing. Bakke, supra. Here, plaintiff avers that defendant filed two false affidavits in furtherance of the alleged tort in state court. Pl. Resp. (#9) at 7; Complaint ¶¶ 20-21, 32-34. As such actions simply being felt in the forum state is not conclusive, the court must determine whether these specific actions provide a sufficient basis to exercise specific jurisdiction.

Defendant argues that "David Stein never *chose* to have any litigation in North Carolina." Def. Reply (#11) at 2 (emphasis in original). While this might be true, it is also true that David Stein was the registered agent for RFC. He also served, at least for a time, as its General Counsel. See (#3-2). A Default Judgment was issued in a related case against RFC in North Carolina, with Stein listed as the registered agent for RFC. See Residential Finance Corporation v. Daniel Jacobs et al., No. 3:14-cv-201-FDW-DCK. Further, Mr. Stein filed an affidavit (#3-3) allegedly including false statements in support of a case in the North Carolina General Court of Justice, Superior Court

Division. At this stage in the proceedings, the court must resolve factual disputes in the plaintiff's favor regarding jurisdiction. Accordingly, the court will assume that the affidavits were false and were filed in North Carolina courts. The court must then determine whether the first two prongs of the test for specific jurisdiction have been satisfied by a preponderance of the evidence proffered.

Regarding the first prong, purposeful availment, the court assumes Stein purposely availed himself of use of the North Carolina courts. Clearly, it was the corporate entity and not Defendant Stein that purposely availed itself of the North Carolina courts, at least initially. The activity to which this court's attention must turn is the filing of allegedly false affidavits in the state court by Mr. Stein. While providing representation to a corporation faced with a lawsuit in a foreign jurisdiction would not normally be the type of activity that would raise the specter of purposeful availment -- as those activities would be in furtherance of the lawful activities of the corporation -- provision of false affidavits to a tribunal would be an unlawful act, well outside the authorized activities of any corporation or, for that matter, any of its officers, agents, or employees. Taking plaintiff's allegations as true for the purposes of this inquiry only, the court determines that the filing of false affidavits by an officer, agent, or employee of a corporation is a purposeful direction of activities at residents of the forum state by such person since such activity would be an unlawful activity, beyond the lawful activities of the corporation, that would subject that person to both the civil and criminal laws of the forum.

With respect to the second prong, plaintiff must show how "the claim arises out of or relates to the defendant's activities with the forum state." Grober, supra. If the defendant's activities with the forum state are not related to the claim, the plaintiff's jurisdictional argument will fail. In this case, the plaintiff has alleged that the allegedly false filings were in furtherance of the deception and fraud sought to be rectified in this action. Plaintiff contends that defendant interfered with his contract and then committed fraud by, in part, filing false documents with the North Carolina courts, causing injury to the plaintiff. In other words, plaintiff is alleging that defendant Stein intentionally filed false documents in the North Carolina courts as part of the deception. At this point in the proceeding, the court finds this is sufficient nexus between the claim and the activities of the forum state. For purposes of jurisdictional analysis and assuming the facts as most favorable to plaintiff, Mr. Stein, an attorney, could have reasonably foreseen being brought to a North Carolina court if, in fact, he filed false affidavits with the North Carolina court system in order to perpetrate a fraud.

As to the third prong, constitutional reasonableness, defendant bears the burden of presenting "a compelling case that the presence of some other considerations would render jurisdiction unreasonable." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 477 (1985). The Supreme Court provided a number of factors courts may assess when undertaking the constitutional reasonableness of asserting jurisdiction, including "the burden on the defendant, the forum State's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and the shared interest of the several States in furthering fundamental substantive social policies." Id.

It is not clear how litigating in North Carolina would create "litigation 'so gravely difficult and inconvenient' that [this] party unfairly is at a severe disadvantage in comparison to [its] opponent." Id. at 478 (internal quotation omitted). In this case, Mr. Stein, filed affidavits to North Carolina courts that were labeled "disingenuous" as a distinct finding by another federal judicial officer. See Kemp Opinion (#9-4) at 6. In his role as an officer of corporation, plaintiff was involved in litigation between this employee and the corporation. It is also clear that the burdens of litigating in North Carolina are slight compared with the interest of the state in avoiding false court filings.

### III.    Conclusion

Finally, the court has considered the implication of its determination and the possibility that it will open up a Pandora's Box of perils for practitioners who represent clients in multiple jurisdictions. The court is also cognizant that such determination could well lead to abuse by litigants dissatisfied with results they obtain in other forums as fraud is simple to allege, but difficult to prove. To that end, while the court finds specific jurisdiction over this defendant, it does, however, reserve the right as gatekeeper to revisit this issue if (a) discovery reveals persuasive facts that contradict plaintiff's allegations and proffer or (b) if defendant can demonstrate further its burden under the prong three, the test for constitutional reasonableness.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendant's Motion to Dismiss for Lack of Personal Jurisdiction (#7) is **DENIED** and defendant is granted 14 days from issuance of this Order in which to file his Answer.

Signed: December 30, 2016

Max O. Cogburn Jr.
United States District Judge